# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1114V
Filed: June 18, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ANTOINETTE MCCORMICK, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza Vaccine ("Flu"); Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") Attorneys' Fees and Costs |
| | * | Decision Based on Proffer |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, Philadelphia, PA for petitioner.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS**[1]

**Vowell**, Chief Special Master:

On November 14, 2014, Antoinette McCormick filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of an influenza ("flu") vaccination on December 7, 2013, petitioner suffered "shoulder injuries which were caused in fact" by her influenza vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 29, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ["SIRVA"]. On June 17, 2015, respondent filed a proffer on award of compensation ["Proffer"] detailing compensation in the amount of $90,000.00 for actual and projected pain and suffering.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

The proffer also included an award of attorneys' fees and costs in the amount of $14,546.62 to which petitioner agreed.  *Id.*  In accordance with General Order #9, petitioner's counsel asserts that petitioner incurred no out-of-pocket litigation expenses. *Id.* The Vaccine Act permits an award of reasonable fees and costs.  42 U.S.C. § 300 aa-15(e).  I find the proposed total amount of $14,546.62 to be reasonable.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a payment of $104,546.62 as follows:**

- a lump sum payment of $90,000.00 in the form of a check payable to petitioner, Antoinette McCormick;

- a lump sum payment of $14,546.62 in the form of a check payable jointly to petitioner, Antoinette McCormick and petitioner's counsel, Paul Brazil.

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

                                      **s/Denise K. Vowell**
                                      Denise K. Vowell
                                      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                           )
ANTOINETTE MCCORMICK                       )
                                           )
       Petitioner,                         )
                                           )   No. 14-1114
v.                                         )   Chief Special Master Vowell
                                           )
SECRETARY OF HEALTH AND                    )
HUMAN SERVICES,                            )
                                           )
       Respondent.                         )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**    **Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on April 27, 2015.

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $90,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.    Past Unreimbursable Expenses

Petitioner has not submitted documentation for unreimbursed expenses in this case, and thus respondent proffers that petitioner should not be awarded any amount for unreimbursed expenses. Petitioner agrees.

    C.    Lost Wages

The parties agree that based upon the evidence of record, petitioner's vaccine-related injury has not impaired her earning capacity. Therefore, respondent proffers that petitioner

should be awarded no lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

        D.        Attorney's Fees and Costs

Petitioner has supplied documentation of reasonable attorney's fees and litigation costs in the amount of $14,546.62, incurred in pursuit of this petition.  In compliance with General Order #9, petitioner has indicated that she did not incur any out-of-pocket expenses in proceeding on the petition.  Respondent proffers that petitioner should be awarded $14,546.62 for attorney's fees and costs.  Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through lump sum payments as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $90,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)., in the form of a check payable to petitioner; and

B. A lump sum payment of $14,546.62, in the form of a check payable to petitioner and petitioner's attorney, Paul Brazil, Esq., for attorney's fees and costs.  Petitioner agrees to endorse this payment to petitioner's attorney.

## III. Summary of Recommended Payments Following Judgment

    A.    Lump sum paid to petitioner: **$90,000.00**

    B.    Reasonable Attorney's Fees and Costs: **$14,546.62**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

<table>
<tr><td></td><td>Respectfully submitted,<br><br>BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General<br><br>RUPA BHATTACHARYYA<br>Director<br>Torts Branch, Civil Division<br><br>VINCENT J. MATANOSKI<br>Deputy Director<br>Tort Branch, Civil Division<br><br>MICHAEL P. MILMOE<br>Senior Trial Counsel<br>Torts Branch, Civil Division<br><br> s/ Alexis B. Babcock<br>ALEXIS B. BABCOCK<br>Senior Trial Attorney<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C.  20044-0146</td></tr>
<tr><td>Dated: June 17, 2015</td><td>Telephone: (202) 616-7678</td></tr>
</table>